# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **STATE OF DELAWARE**      ) | |
| ) | |
| **v.**      ) | |
| ) | **ID No. 2204010564** |
| **JAKIRAH CROMWELL,**      ) | |
| **Defendant.**      ) | |

Submitted: February 10, 2023
Decided: March 3, 2023

## ORDER

*Upon Defendant's Motion to Suppress –* **DENIED.**

This 3rd day of March, 2023, having considered Defendant's Motion to Suppress, the State's Response and the record in this matter; it appears to the Court that:

1. Defendant Jakirah Cromwell (hereinafter "Defendant") was arrested on April 20, 2022, and indicted on July 25, 2022, for the charges of Carrying a Concealed Deadly Weapon,[1] Drug Dealing,[2] Drug Possession,[3] two counts of

---

[1] 11 *Del. C*. § 1442.
[2] 16 *Del. C*. § 4716(b)(4).
[3] 16 *Del. C*. § 4756.

1

Possession of a Firearm During the Commission of a Felony,[4] Possession of a Firearm by a Person Prohibited,[5] Possession of Marijuana[6] and Failure to Signal.[7]

2. Defendant filed the instant motion seeking to suppress the stop of her vehicle and thus, the related charges and evidence on October 10, 2022.[8] The State responded in opposition on January 24, 2022.[9] On January 26, 2023, Defendant filed a reply to the State's response.[10] The motion was heard on January 27, 2023.[11] At the hearing, Defendant was given the opportunity to supplement her reply with supporting authority, which was submitted on February 3, 2023.[12] The State responded on February 10, 2023.[13]

3. As confirmed at the hearing, the relevant underlying facts surrounding the stop of Defendant's vehicle are not in dispute. Defendant's motion challenges the reasonable, articulable suspicion for the stop, as well as the constitutionality of 21 *Del. C.* Section 4155, as being vague.[14]

---

[4] 11 *Del. C.* § 1447A & 11 Del. C. Section 1448.
[5] 11 *Del. C.* § 1448(a)(9).
[6] 16 *Del. C.* § 4764(c).
[7] 21 *Del. C.* § 4155(d). *See also* Indictment, *State v. Jakirah Cromwell*, ID No. 2204010564, D.I. 4.
[8] D.I. 10.
[9] D.I.16.
[10] D.I.13.
[11] D.I.12.
[12] D.I.14.
[13] D.I.15.
[14] *See* Defendant's Motion to Suppress, D.I. 10.

4.     The relevant facts here are as follows:  on April 20, 2022, Wilmington Police Officers with the "Street Crimes" unit observed a maroon Lincoln MKZ, operated by Defendant, leave a parking spot on the side of the street in the 900 Block of East 17th Street, City of Wilmington.  As Defendant pulled out of her parking spot and into the public roadway, she did not use a turn signal.  The officers then initiated a traffic stop, which resulted in the above-mentioned charges.[15]

5.     In moving to suppress, a defendant bears the burden of establishing that the seizure violated the Constitution.[16]  However, where a warrantless search or arrest is involved, the State bears the burden to establish that the challenged stop and seizure comported with the Constitution.  The standard of proof is by a preponderance of the evidence.[17]  Where a traffic stop is the basis for the initial stop, the stop must be justified by reasonable suspicion of criminal activity, consistent with *Terry v. Ohio*.  Reasonable, articulable suspicion is established when the officer has probable cause to believe the driver has committed a traffic violation.[18]

6.     Here, the basis for the stop is 21 *Del. C.* Section 4155(d).  Defendant's first challenge is that there was not reasonable, articulable suspicion to support the stopping of her vehicle based on this statute because it would have been impossible

---

[15]     *See* State's Response to Motion to Suppress, D.I.16.
[16]     *State v. Medina*, 2020 WL 104323, at *3-4 (Del. Super. Ct. Jan. 7, 2020).
[17]     *Id.*; *see also Hunter v. State*, 783 A.2d 558, 560 (Del. 2001).
[18]     *Caldwell v. State*, 780 A.2d 1037, 1046-1047 (Del. 2001) (internal citations omitted).

3

for Defendant to comply with the statute in this situation, arguing this case is akin to the Delaware Supreme Court ruling in *McDonald v. State*.[19]  *McDonald* found 21 *Del. C.* § 4155(b) could not justify a stop of a vehicle where the vehicle was turning out of a private parking lot, not a public roadway.  *McDonald* found § 4155(b) inapplicable in that scenario, and noted that the private parking lot was less than 200 feet, making compliance with the statute impossible in that scenario.

7.    Section 4155, Title 21, is entitled "Turning movements and required signals."  Subsection (d) states:

> The signals provided for in § 4156 of this title shall be used to indicate an intention to turn, change lanes or start from a parked position and shall not be flashed on 1 side only on a parked or disabled vehicle, or flashed as a courtesy or "do pass" signal to operators of other vehicles approaching from the rear.

> Section 4156, Title 21, is entitled "Signals by hand and arms or signal device"

and states, in pertinent part:

> (a) Any stop or turn signal when required herein shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device, except as otherwise provided in subsection (b) of this section.

8.    The State submits the violation of § 4155(d) justifies the stop of the vehicle.  In fact, Defendant was charged with violating § 4155(d) in the Indictment, and under the objective standard, any reasonable officer is aware that § 4155(d) is

---

19      947 A.2d 2073 (Del. 2008).

4

applicable here.[20]  Defendant's argument assumes that § 4155(b) is applicable here. It is not.  Subsection (b) holds the requirement that "[a] signal of intention to turn or move right or left when required shall be given continuously during not less than the last 300 feet or more than ½ mile traveled by the vehicle before turning."  Because Defendant was leaving a parking spot on a public highway, there was no 300 foot requirement and compliance was possible.  *McDonald* is distinguishable and does not control the factual scenario here.   As a result, *McDonald* does not support Defendant's position.  Moving a parked vehicle into traffic without signaling is a violation of 21 *Del. C.* § 4155(d) and forms reasonable, articulable suspicion for the stop of Defendant.[21]

9.    Defendant additionally challenges 21 *Del. C.* § 4155 as being unconstitutionally vague.  In doing so, she argues that § 4155(d) fails to impose a duty.  In support, she argues that in contrast, subsection (b) imposes a duty by requiring 300 feet of signaling before a turn, which subsection (d) lacks.  She further argues that the only duty imposed on drivers moving parked cars is found in 21 *Del. C.* § 4154 (Starting parked vehicles), which encompasses the entirety of the driver's obligations when starting parked vehicles.  Finally, Defendant argues that because there is no length of time for signaling delineated in subsection (d), as there is in

---

[20]    *Caldwell*, 780 A.2d 1047.
[21]    *State v. Palmer*, 2018 WL 3853532, at *2 (Del. Super. Ct. Aug. 13, 2018); *State v. Adams*, 13 A.3d 1162, 1166 (Del. Super. 2008).

subsection (b), the statute is vague and does not appropriately put citizens on notice of their obligations under the code.

10. A statute is void, as vague, if it "fails to give a person of ordinary intelligence fair notice that [the] contemplated behavior is forbidden or if it encourages arbitrary or erratic enforcement."[22] Any penal statute must define the targeted criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited."[23]

11. First, Defendant's argument that § 4154 constitutes the entirety of a driver's obligations when moving a parked car is belied by the fact that § 4155(d) speaks to when turn signals are required when moving a parked vehicle. Therefore, this argument does not support a claim of vagueness. It is likewise not correct that subsection (d) does not impose a duty. The language of the statute itself states that turn signals "shall be used to indicate an intention to…start from a parked position."[24] The use of the word "shall" imposes a duty on drivers to comply and use a signal prior to moving their vehicle from a parked position.

12. The fact that there is no designated time frame for how long the signal is to be displayed is not enough to show § 4155(d) fails to give a person of ordinary intelligence fair notice of forbidden behavior. It likewise does not show that the

---

[22] *State v. Schaeffer-Patton*, 2022 WL 1597623, at *1 (Del. Super. Ct. May 19, 2022).
[23] *Id.*
[24] 21 *Del. C.* § 4155(d).

6

subsection lacks sufficient definiteness so that ordinary people cannot comprehend the prohibited conduct. Section 4154 imposes a duty to not move a vehicle unless movement can be made with "reasonable safety." Section 4155(d) states that a signal is required before a vehicle is moved from a parked position into a roadway. A person of ordinary intelligence is sufficiently put on notice of both a duty and the prohibited conduct and a result, subsection 4155(d) is not unconstitutionally void as being vague.

12. Accordingly, the basis for the stop under 21 *Del. C.* § 4155(d) is sufficient to withstand Defendant's challenge and her motion to suppress is without merit.

**IT IS HEREBY ORDERED,** that Defendant's Motion to Suppress is **DENIED**. This matter will proceed to trial as scheduled.

_____
Danielle J. Brennan, Judge

Original to Prothonotary

Cc:   Samuel Kenney, Esquire, Deputy Attorney General
       Michael Modica, Esquire

7